IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. _____

_____
                                        )

JEFFREY A. HAMM,                  )

        Plaintiff,                  )

vs.                                    )

HARTFORD LIFE & ACCIDENT     )
INSURANCE COMPANY; DIVISION    )
5, LLC; and STRUCTURAL STEEL OF  )
CAROLINA, LLC LONG TERM        )
DISABILITY PLAN,                  )

        Defendants.             )
_____  )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Jeffrey A. Hamm ("Plaintiff") brings this ERISA action against Hartford Life & Accident Insurance Company ("Hartford"); Division 5, LLC; and Structural Steel of Carolina, LLC Long Term Disability Plan (the "Plan"), to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by Hartford. Plaintiff also seeks to recover statutory penalties for Division 5, LLC's failure to timely produce Plan documents to Plaintiff. Plaintiff is covered under the policy by virtue of his employment with Division 5, LLC ("Defendant Division 5"), the sponsor of the Plan.

PARTIES

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

1. Plaintiff is a citizen and resident of North Carolina.

2. Defendant Hartford is a properly organized business entity doing business in the state of North Carolina.

3. Defendant Division 5 is a Georgia limited liability company doing business in the state of North Carolina.

4. Defendant Division 5 does business in North Carolina through an assumed name of Structural Steel of Carolina.

5. Defendant Division 5 does business in North Carolina through an assumed name of Structural Steel of Carolina, LLC.

6. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Defendant Division 5 sponsored and maintained the Plan. Defendant Division 5 is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

8. Venue in the Western District of North Carolina is appropriate by virtue of Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

9. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Defendant Division 5, doing business as Structural Steel of Carolina and/or Structural Steel of Carolina, LLC.

10. The Plan offers long term disability ("LTD") benefits.

11. Under the terms of the Plan, Defendant Hartford administers the Plan and has authority to grant or deny benefits.

12. Defendant Hartford has a fiduciary obligation to Plaintiff to administer the Plan fairly and to determine benefits according to the terms of the Plan.

13. Plaintiff is a 62-year-old man who worked for Division 5 as a Shipping Supervisor until on or about March 23, 2019. On that date, Plaintiff's impairments became so severe that he could no longer work, and he was forced to leave his employment.

14. Plaintiff suffers from type II diabetes, congestive heart failure, dyslipidemia, hypertension, cardiomyopathy, nerve pain, frequent shortness of breath, and several other ailments, which prevent him from performing one or more of the essential duties of his occupation or any occupation for which he is qualified by education, training, or experience.

15. Plaintiff applied to Defendant Hartford and the Plan for LTD benefits and submitted medical information showing that he is totally disabled. Plaintiff was awarded short-term disability benefits and long-term disability benefits.

16. However, after it granted Plaintiff's claim for long-term disability benefits for two years, Defendant Hartford then denied Plaintiff's claim for LTD benefits on or about June 21, 2021.

17. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of Defendant Hartford's denial of benefits. He submitted additional information to show that he is totally disabled.

18. Defendant Hartford denied Plaintiff's appeal of his claim for LTD benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

19. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform any occupation for which he is qualified by education, training or experience;

    b. Defendant Hartford failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

    c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

20. The Plan states that Structural Steel of Carolina, LLC is the plan sponsor and plan administrator of the Plan.

21. Structural Steel of Carolina, LLC is an assumed name for Defendant Division 5.

22. On or about July 16, 2021, Plaintiff wrote Structural Steel of Carolina, LLC, the entity identified as the plan administrator under ERISA for the Plan, and requested in writing a copy of all documents for the Plan.

23. Defendant Division 5 received Plaintiff's request for documents on July 19, 2019.

24. Plaintiff is entitled to receive the requested documents within 30 days of his written request under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

25. Defendant Division 5 failed to timely provide Plaintiff with the requested documents. To date, Defendant Division 5 has not provided Plaintiff with the requested documents.

26. Defendant Division 5 has not provided Plaintiff with any reason for its ongoing failure and refusal to timely provide the requested documents to which Plaintiff is entitled under ERISA.

27. Plaintiff has been harmed by Defendant Division 5's failure to provide the requested Plan documents in that, among other things, Plaintiff did not receive all the information to which he is entitled under ERISA and had to prosecute his claim through the administrative process without such information.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

28. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

29. Defendants have has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. Defendant Hartford failed to accord proper weight to the evidence in the administrative record; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF: STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS REQUIRED BY ERISA §§ 104 and 502, 29 U.S.C. §§ 1024 and 1132

30. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth

herein.

31. Defendant Division 5 failed and refused to timely provide Plaintiff with documents he requested and to which he is entitled under ERISA § 104(b)(4), 29 USC § 1024(b)(4).

32. Plaintiff is entitled to recover statutory damages from Defendant Division 5, calculated at the rate of $110 per day, from thirty days after the date Defendant Division 5 received Plaintiff's request for the documents, and continuing until the correct documents are produced, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).

## THIRD CLAIM FOR RELIEF: ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

33. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

34. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3. Grant Plaintiff declaratory and injunctive relief finding that he is entitled to statutory damages for Defendant Division 5's failure and refusal to timely provide Plan documents, as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and imposing such relief;

4. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses pursuant to ERISA §502(g) incurred as a result of Defendants Plan's and Hartford's wrongful denial in providing benefits to Plaintiff;

5. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses pursuant to ERISA §502(g) incurred as a result of Defendant Division 5's wrongful failure to produce Plan documents to Plaintiff;

6. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

7. Enter an award for such other and further relief as may be just and appropriate.

Dated this 9th day of October 2022.

        Respectfully Submitted,

        */s/ Bryan L. Tyson*
        */s/ Hannah Auckland*
        Bryan L. Tyson (N.C. Bar. No. 32182)
        Hannah Auckland (N.C. Bar. No. 35953)
        Marcellino & Tyson, PLLC
        2200 East 7th Street, Suite 100
        Charlotte, North Carolina 28204
        Telephone: 704.919.1519
        Fax: 980.219.7025
        bryan@yourncattorney.com
        hauckland@yourncattorney.com

        **Attorneys for Plaintiff Jeffrey A. Hamm**